[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE #104
On May 16, 1995, the plaintiff, Jeffrey Zamfino, filed a six count complaint against the defendant, Pace Motor Lines, his former employer. The first count alleges wrongful discharge, in violation of General Statutes § 31-290a(b), in retaliation for the plaintiff's filing of a worker's compensation claim. The CT Page 5284-CCCCC second count alleges unintentional infliction of emotional distress.[1] The third count alleges reckless infliction of emotional distress. The fourth count alleges intentional infliction of emotional distress. The fifth count alleges breach of an implied contract of employment and the sixth count alleges breach of the implied covenant of good faith and fair dealing.
On October 16, 1995, the defendant filed a motion to strike counts two through six and a memorandum of law in support of the motion.
On November 13, 1995, the plaintiff filed an objection to the motion to strike and a memorandum of law in support of the objection. At short calendar, the parties agreed that count five and count six should be stricken. Accordingly, this memorandum addresses only the legal sufficiency of the second, third and fourth counts of the plaintiff's complaint.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts alleged in the complaint most favorably to the plaintiff. . . . A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Citations omitted; internal quotation marks omitted.) NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-215,618 A.2d 25 (1992).
The second count (sounding in unintentional infliction of emotional distress) incorporates paragraph 1-9 of the first count. The third count (sounding in reckless infliction of emotional distress) incorporates paragraphs 1-12 of the second count. The fourth count (sounding in intentional infliction of emotional distress) also incorporates paragraphs 1-12 of the second count.
Each of these counts, the second, third and fourth fail to allege facts that state a claim upon which relief can be granted. There is nothing in the first nine paragraphs of the first count, each of which were incorporated into the second, third or fourth counts which could be considered extreme and outrageous.
The motion to strike counts 1, 2, 3, 4, 5, and 6 is granted. CT Page 5284-DDDDD
LAWRENCE L. HAUSER, JUDGE